UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SHAWN MICHAEL SCHUSTER and PRAIRIE ECHO ROSE SCHUSTER,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIAN SHERMER,<br><br>Defendant. | 4:25-CV-04084-RAL<br><br>OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING |

Plaintiffs Shawn Michael Schuster and Prairie Echo Rose Schuster ("The Schusters") filed a pro se lawsuit. Doc. 1. The Schusters also filed a motion for leave to proceed in forma pauperis, Doc. 2, and a motion to appoint counsel, Doc. 3.

I.  **Motion for Leave to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). After review of the Schusters' financial affidavit, which was signed by and contains information for both Shawn and Prairie

Schuster, this Court finds that they have insufficient funds to pay the filing fee. Thus, the Schusters' motion for leave to proceed in forma pauperis, Doc. 2, is granted.

## II.     1915 Screening

### A.     Factual Background as Alleged by Plaintiffs

This Court takes as true the well-pleaded facts alleged in the complaint, but the Schusters' allegations neither provide a coherent narrative nor allege a cognizable cause of action. See Doc. 1 at 1, 3. The complaint appears to relate to some sort of familial coat of arms. See id. at 1. According to the Schusters, "[t]here was a order that came from the Supreme Court with a law to do 120 cases and 8 capitol punishments that had Shawn Michael Schusters coat of arms." Id. (grammar errors in original). As relief, the complaint requests the following:

> I'd like the people that played Jinga in the same animal creation that Lived off the aryanian nation which is represented in all nations to be charged under International law like they were once before + that's why the Supreme Court Orders were given. I want the Act taken out of Shawn Schuster stopped and the property that heis coat of arms returned. I want all arm return to The Family in those arms and Those Punishment to those People.

Id. at 3 (spelling and grammar errors in original).

The complaint seeks monetary damages of an unspecified amount from Defendant Brian Shermer.[1] Id. at 4. Under the section of the complaint instructing the plaintiffs to state the reasons they believe they are entitled to monetary damages, the Schusters provide the following statement:

---

[1] The Schusters list "SD State Penintentary [sic]" as Shermer's residence or place of business. Doc. 1 at 2. They do not state how Shermer is affiliated with the South Dakota State Penitentiary. Id. Additionally, the second page of the complaint lists Chance Hereff and John Dodge as defendants. Id. But because the only name not crossed out on the case caption is Brian Shermer's, this Court understands him to be the only defendant. See id. at 1.

2

> Being the acts done was to cause bodily harm and all of creation + I'd also like the presidential pardon that was given to this presidential cover in the investigation of JFK. The X-Files. I'd like the policies + laws that come w/ this married applied to the government: They've taken life liberty + persons.

Id. at 4.

### B. Legal Standard

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under § 1915(a), the court must then determine whether the complaint should be dismissed under § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988)

(citing Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal–Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation marks removed) (quoting Twombly, 550 U.S. at 556).

    **C.**    **Legal Analysis**

        **1.**    **Lack of Subject-Matter Jurisdiction**

Because federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), this Court must consider whether the claims alleged in the Schusters' complaint involve a dispute or controversy within its jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A federal court has jurisdiction over two main kinds of cases: "diversity cases—suits between citizens of different States as to any matter valued at more than $75,000.

See 28 U.S.C. § 1332(a). And they have power to decide federal–question cases—suits 'arising under' federal law. § 1331." Badgerow v. Walters, 596 U.S. 1, 8 (2022).

Based on the complaint, the Schusters and Shermer all appear to be citizens of South Dakota.[2] Doc. 1 at 2. Therefore, the Schusters have failed to establish diversity jurisdiction. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) ("diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff") (emphasis in original). The Schusters also cannot establish federal-question jurisdiction because they do not identify any claims arising "under the Constitution, laws, or treaties of the United States[.]" 28 U.S.C. § 1331. Indeed, no cause of action is identified in the complaint. See generally Doc. 1. Even a liberal construction of the complaint leaves this Court unable to identify a federal statute or constitutional provision that the Schusters state a claim upon.[3] See Holloway v. DMV Dep't of Motor Vehicles, No. 8:19CV326, 2019 WL 3554816, at *1 (D. Neb. Aug. 5, 2019) (dismissing a complaint when the complaint was "completely unintelligible and without a factual or legal basis" and when the court could identify "no federal statutory or constitutional provision that would give rise to plausible claim for relief"); see also Murthy v. Missouri, 603 U.S. 43, 67 n.7 (2024) ("[j]udges are not like pigs, hunting for truffles buried [in the record]") (alterations in original) (quoting Gross v. Cicero, 619 F.3d 697, 702 (7th Cir. 2010)).

---

[2] The Schusters disclose that they are in Minnehaha County, South Dakota, Doc. 1 at 9, but do not explicitly state that Shermer is a citizen of South Dakota, though they list "SD State Penitentiary [sic]" as either his residence or place of business. Doc. 1 at 2. Regardless, the Schusters have failed to meet their burden of establishing the requirements for diversity jurisdiction because they have alleged no facts that Shermer is a citizen of another state. See Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." (citation omitted)).

[3] On the civil cover sheet for their complaint, the Schusters checked boxes for various personal injury claims. Doc. 1 at 9. Considering this, in conjunction with the complaint as a whole, the most intelligible claim this Court can identify is a state-law claim for personal injury. See generally id. at 1–9.

5

### 2. Failure to State a Claim

Even if this Court did have subject-matter jurisdiction over the Schusters' complaint, their complaint fails to state a claim upon which relief can be granted. To provide a defendant with notice as required by the Federal Rules of Civil Procedure, the plaintiff must do more than place a defendant's name in the caption. See Mencin v. City of Troy Police, No. 4:24-CV-852, 2024 WL 4370846, at *3 (E.D. Mo. Oct. 2, 2024) ("Simply placing a defendant's name in the caption is not enough to assert their responsibility."). Here, the only mention of Shermer, other than listing him as a defendant, is the statement "[t]here was a Supreme Court order given to take the coat of arms by the family given of Brian Shermer." Doc. 1 at 6. This statement is not enough to provide Shermer with fair notice of the plaintiffs' claims against him. See Batchelder v. I.N.S., 180 F. App'x 614, 615 (8th Cir. 2006) (per curiam) (affirming the district court's dismissal of a complaint because its "largely unintelligible and incomprehensible allegations fail to provide fair notice of [the plaintiff's] claims and the grounds upon which they rest."); Krych v. Hvass, 83 F. App'x 854, 855 (8th Cir. 2003) (per curiam) (holding that a plaintiff "failed to state any claim whatsoever" against defendants when "he merely listed these individuals as defendants in his complaint and did not allege they were personally involved in the constitutional violations."). Therefore, this complaint is dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Motion to Appoint Counsel

The Schusters also filed a motion to appoint counsel. Doc. 3. Because the Schusters' claims are all dismissed, the motion to appoint counsel, Doc. 3, is denied as moot.

## IV. Order

Accordingly, it is

ORDERED that the Schusters' motion to proceed in forma pauperis, Doc. 2, is granted. It is further

ORDERED that the Schusters' complaint is dismissed without prejudice for lack of subject-matter jurisdiction or, in the alternative, under 28 U.S.C. § 1915(e)(2)(B)(ii). It is finally

ORDERED that the Schusters' motion to appoint counsel, Doc. 3, is denied as moot.

DATED January 28th, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE